UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 CASE NO. 07-20642

v.                                             PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

STEVEN GILLMAN,

        Defendant,
_____/

ORDER
(1) DENYING DEFENDANT'S MOTION TO QUASH
SEARCH WARRANT AND SUPPRESS EVIDENCE
(2) CONTINUING HEARING ON DEFENDANT'S MOTION
TO SUPPRESS STATEMENTS

Defendant has moved to suppress evidence seized as a result of the execution of a search warrant at a residence on 20034 Conant, Detroit, MI on November 19, 2007.

Defendant also moved to suppress statements he made to agents after his arrest on November 19, 2007.

The Court heard argument on the Motion to Suppress Evidence on March 27, 2008, and also heard some testimony on Defendant's Motion to Suppress Statements at that hearing on March 27, 2008. However, on March 28, 2008, Defendant terminated the services of his retained counsel, and requested a court-appointed attorney. This request was granted. New counsel has requested a further delay in the continuation of the Statements Hearing. Argument and briefing have concluded on Defendant's Motion to Suppress Evidence.

1

The Court DENIES Defendant's motion to suppress evidence.

The search warrant at issue includes the following facts:

(1) that Defendant Gillman had been previously arrested on June 16, 2007, in a State case on a traffic stop, driving a Blue Ford Crown Victoria equipped with police-type wig-wag lights on the roof, in possession of marijuana, a police scanner, handcuffs, and other police equipment. The Ford was registered to James Gillman, who stated that Defendant Steven Gillman would commonly drive that car. James Gillman stated that the Ford was located at Larry Masters' house.

(2) the car was registered to Larry Masters, who lives in Warren, MI, and who was a mechanic at an auto repair shop at 20044 Conant, Detroit. That shop is one lot north of the subject residence of the search warrant, 20034 Conant.

(3) Police surveillance of the repair shop at 20044 Conant observed a Burgundy Chevy Impala license plate 8PH7465 parked at that address – 20044 Conant, with a person matching the description of Defendant Steven Gillman standing next to the car, Steven Gillman was seen entering the residence at 20034 Conant. The Impala was registered to Larry Masters.

(4) Police investigation established that Defendant was an active State of Michigan parolee, and had been previously convicted of stolen property, breaking and entering, unlawfully driving away a car, felony assault, fraud and weapons offenses, and that his listed residence with the State Parole office was 5622 Kulick, Detroit, and that a parole condition states that Defendant cannot change his residence.

(5) Within the past 30 hours, the affiant received information from "a credible reliable informant" that someone matching Defendant's description is residing at 20034 Conant, and in speaking with Defendant's criminal associates, that Defendant is using the address to conceal and sell articles of stolen property and police equipment. The informant also stated that Defendant drives a Burgundy Impala with the BPH license plate number, and that Masters, the car's owner, is a relative of Defendant. The informant also stated that within the past 48 hours Defendant was observed carrying an assault rifle into the 20034 Conant residence.

(6) The informant "has provided past information that has led to the seizure of large quantities of narcotics proceeds and the arrest of a felony fugitive."

(7) Over the past 3 days, Federal Task Force Officers (TFOs) conducted surveillance at

20034 Conant and observed Defendant there along with the Burgundy Impala on several occasions, at various hours, day and night. On November 16, 2007 they saw Defendant enter the residence carrying a black, hard firearm case. They concluded this is his residence, in violation of his parole condition that he reside at 5622 Kulick.

(8) On November 16, 2007, affiant learned that on September 12, 2007, a 911 call was made about multiple shots fired in that area, consistent with automatic or semiautomatic firearms. This type of weapon is consistent with the type of weapon the informant saw Defendant carry into 20034 Conant.

(9) Affiant's training and experience evidences that criminals store guns at covert locations and provide false residency to parole agents to conceal activity. The multiple surveillance here and informant information confirm stolen property being inside the residence.

Evaluating the totality of the circumstances set forth in the above-noted facts, as required under *Illinois v. Gates*, 462 U.S. 213 (1983), the Court finds that the combination of information from a reliable informant, combined with extensive personal surveillance and fact verification by the law enforcement officers, supports the Court's finding of probable cause to search the residence. See *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000) (en banc) as to the utilization of detailed recent information received from a known informant to support a search warrant.

Finally, even if the search warrant is deficient, the evidence would not be suppressed, because under *United States v. Leon*, 468 U.S. 897 (1984), the exception to the exclusionary rule would apply because this Court finds that the police could rely in good faith on this facially valid warrant. This is not a boilerplate affidavit, but rather a detailed affidavit evidencing extensive police fact-checking and corroborating surveillance.

Accordingly, Defendant's Motion to Suppress Evidence seized pursuant to the search warrant is DENIED.

SO ORDERED.

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: August 25, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 25, 2008.

                                        s/Denise Goodine
                                        Case Manager